Norma Jean CRAPPS and Evelyn B. Hall, individually, and on behalf of all others similarly situated, Plaintiffs,

v.

DUVAL COUNTY HOSPITAL AUTHORITY OF DUVAL COUNTY, FLORIDA, a body politic and corporate of the State of Florida, operating as Duval Medical Center, Defendant.

No. 70-194-Civ-J.

United States District Court,
M. D. Florida,
Jacksonville Division.

June 11, 1970.

Joseph F. Duszlak, Russell H. Showalter, Jr., Duval County Legal Aid Ass'n, Inc., Jacksonville, Fla., for plaintiffs.

James C. Rinaman, Jr., Gen. Counsel, David U. Tumin, John J. Higgins, Asst. Counsel, Jacksonville, Fla., for defendant.

## ORDER

SCOTT, District Judge.

This cause came on for hearing in open court, with all parties represented by counsel, on May 14, 1970.

The plaintiffs, Norma Jean Crapps and Evelyn B. Hall, are female citizens of the United States. Both plaintiffs also claim to be residents of the City of Jacksonville, Duval County, Florida. The plaintiff Crapps moved to Jacksonville from Montana on March 7, 1970, and claims

that she intends to make Jacksonville her permanent home. The plaintiff Hall moved to Jacksonville from New York in February 1970, and she likewise claims that she intends to make Jacksonville her permanent place of residence. It is uncontested that both plaintiffs are indigent.

The defendant, Duval County Hospital Authority of Duval County, Florida, operating as Duval Medical Center, is an agency created and regulated by Chapter 63–1305, Laws of Florida, 1963, a special act with local application only in Duval County, Florida. Section 21 of Chapter 63–1305, Laws of Florida, 1963, requires that indigent individuals reside in Duval County, Florida, one (1) year preceding their application for free medical care in the defendant hospital, and it is this durational residency statute which is the root of this controversy (see Appendix A).

Plaintiffs claim to be persons who meet all standards of eligibility for admission to the Duval Medical Center for medical care without charge, subject to the rules and regulations prescribed by the Governing Body of the Duval County Hospital Authority, except that they have not resided in Duval County for a period of one (1) year preceding their applications for medical treatment. Both plaintiffs have been refused admission to the Duval Medical Center prior to institution of this suit, allegedly for the sole reason of their failure to meet the durational residency requirement.

At the hearing the defendant introduced some evidence to the effect that the reason the plaintiffs had not been admitted was their failure to submit the necessary information for the defendant to determine the plaintiffs' eligibility. Plaintiffs, on the other hand, contended that the application information given to the plaintiffs by the defendant (see Appendix B) clearly indicates the requirement of one (1) year of residency, and thus it would have been futile for the plaintiffs to have supplied further information to the defendant.

In reality this factual dispute is insignificant, for it is obvious that even if the plaintiffs had supplied all necessary information and had submitted all required forms, and were otherwise qualified for medical treatment, their lack of one (1) year of residency in Duval County would preclude their admission to the Duval Medical Center.

Thus, the plaintiffs have filed this action on behalf of themselves and all others similarly situated, predicated on 28 U.S.C. § 1343, 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201, 2202, alleging that the defendant, under the color of state law, is depriving the plaintiffs of rights, privileges and immunities secured to the plaintiffs by the equal protection clause of the Fourteenth Amendment. They request redress in the form of a declaratory judgment from this Court that the durational residency requirement of Section 21 of Chapter 63–1305, Laws of Florida, 1963, is unconstitutional, as well as a permanent injunction against the further enforcement of the durational residency requirement.

Fortunately, the opinion of the Supreme Court of the United States in the case of Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), makes the task of deciding this case an easy one. In *Shapiro* the Supreme Court held that a statutory one (1) year residency requirement established by several states as a prerequisite to the granting of welfare assistance violated the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. In that opinion the Court said:

> We do not doubt that the one-year waiting period device is well suited to discourage the influx of poor families in need of assistance. An indigent who desires to migrate, resettle, find a new job, and start a new life will doubtless hesitate if he knows that he must risk making the move without the possibility of falling back on state welfare assistance during his first year of residence, when his need may

be most acute. But the purpose of inhibiting migration by needy persons into the State is constitutionally impermissible.

The Supreme Court further stated:

\* \* \* appellants argue that even if it is impermissible for a State to attempt to deter the entry of all indigents, the challenged classification may be justified as a permissible state attempt to discourage those indigents who would enter the State solely to obtain larger benefits. We observe first that none of the statutes before us is tailored to serve that objective. Rather, the class of barred newcomers is all-inclusive, lumping the great majority who come to the State for other purposes with those who come for the sole purpose of collecting higher benefits. In actual operation, therefore, the three statutes enact what in effect are nonrebuttable presumptions that every applicant for assistance in his first year of residence came to the jurisdiction solely to obtain higher benefits. Nothing whatever in any of these records supplies any basis in fact for such a presumption.

■ Although the terms "residence" and "domicil" have distinct legal meanings, they are often used synonymously in statutes when residence is a pre-requisite to the qualification for a right or privilege. *See* 11 Florida Jurisprudence, Domicil and Residence § 6. Such is the present case. In strict legal terms, domicil is the place where a person has fixed his abode with the present intention of making it his permanent home. Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933). While Section 21 of Chapter 63–1305, Laws of Florida, 1963, uses the word "resided", it in reality seeks to determine domicil by establishing a non-rebuttable presumption that those who have not lived in Duval County for that period do not have the present intent to make Duval County their permanent home. But the Supreme Court, in *Shapiro*, has held that such a presumption may not be erected to determine domicil (or residency as the terms are used synonymously) because the thing presumed (domicil) does not necessarily follow from the established standards (one (1) year's presence). Neither does the lack of one year of residency prove that an individual lacks the present intent to make his domicil in Duval County. The resulting classification of otherwise equal indigents, and the resulting dissimilarity in treatment afforded the two classes of indigents, based on such an irrational distinction, is prohibited by the equal protection clause. Moreover, since in moving from state to state persons are exercising a constitutional right, any classification which serves to hinder that right is unconstitutional in the absence of a *compelling* state interest.

■■ *Shapiro* does not say that the state may not enact any criteria for determining the intent of indigents seeking free medical care to reside in the community. However, the standards for determining intent must be rationally related to the finding of that ultimate fact, and any resulting classification must be shown to promote a *compelling* state interest. It may be that the standards for determining intent to reside among indigents will differ radically from determining intent to reside among the more affluent members of society. Indigents, due to their espoused lack of funds, may not have many roots in the community. It may ultimately boil down to the proposition that any indigent present in Duval County is entitled to free medical care so long as it cannot be shown that the indigent came to Duval County solely for the purpose of receiving the free medical care. But these are matters for counsel to consider in the first instance, and the Court indicates no opinion on these matters at that time.

This Court has previously applied the *Shapiro* holding to strike down a similar durational residency requirement for indigent medical care in the case of Arnold v. Halifax Hospital District, 314 F.Supp. 277 (M.D.Fla., March 11, 1970).

Therefore, it is

Ordered:

1. The plaintiffs are granted leave to prosecute this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. Section 21 of Chapter 63–1305, Laws of Florida, 1963, is hereby declared to be unconstitutional, as violative of the Fourteenth Amendment to the Constitution of the United States, insofar as it contains a durational residency requirement of one (1) year as a pre-requisite to the granting by the defendant of medical treatment to indigents.

3. The defendant, its representatives, servants, employees or agents, are enjoined from further enforcement of the durational residency requirement of Section 21, Chapter 63–1305, Laws of Florida, 1963. Inasmuch as Section 21, Chapter 63–1305, Laws of Florida, 1963, is a state statute of local application only, the provisions of 28 U.S.C. § 2281, requiring a three-judge court to enjoin the enforcement of a state statute, are not applicable, and enforcement of the statute may be enjoined by a single United States Judge. Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967); Oliver v. Mayor and Councilmen of Town of Savannah Beach, Tybee Island, Georgia, 346 F.2d 133 (5th Cir. 1965).

4. Counsel for the parties are directed to negotiate new standards for determining residency of indigent individuals seeking medical treatment in defendant's hospital facility. Jurisdiction is retained for purposes of review of the newly-promulgated standards.

## APPENDIX A

## LAWS OF FLORIDA CHAPTER 63–1305

Section 21. *Use of Facilities.* Every hospital, out-patient clinic or other facility heretofore established by act of Legislature in Duval County, Florida (with the exception of the hospital established for the Jacksonville Beaches by Chapter 25807, Laws of Florida, Special Acts of 1949) and every hospital, out-patient clinic or other facility established by the Authority subsequent to the effective date of this Act shall be for the use and benefit of the sick, infirm and injured persons and shall be under the exclusive jurisdiction of the Authority. The indigent sick, who have resided in Duval County for not less than one (1) year next preceding their application for admission for treatment, shall be admitted to such hospitals, out-patient clinics or other facilities and shall be entitled to occupancy, nursing care, medicine and attendance without charge, subject to the rules and regulations prescribed by the Authority. Such hospitals, out-patient clinics and other facilities shall care for and treat without charge patients who are found by the Authority to be indigent, but the Authority shall collect from patients financially able such charges as the Authority may from time to time establish. The Authority shall have the power to extend the benefits and privileges to non-residents of Duval County upon such terms and conditions as the Authority may from time to time by its rules and regulations provide; provided, however, that the indigent residents of Duval County shall have the first claim to admission.

## APPENDIX B

APPLICATION FOR MATERNITY CARE
DUVAL MEDICAL CENTER
FINANCIAL EVALUATION DEPT.

Appointment Date:    Thurs.                    Time:    8:00 A.M.

CHECK THIS FORM IN AT FINANCIAL
EVALUATION DEPARTMENT

PLEASE BRING REQUIREMENTS LISTED BELOW:

1. PROOF OF ONE (1) YEARS RESIDENCE IN DUVAL COUNTY
   (A) If married, bring proof of husbands residence for past twelve (12) months.
   (B) If single and under 21 years of age, bring proof of parents (mother or father) residence for past twelve (12) months.
   (C) If single and over 21 years of age, bring proof of your residence for the past twelve months.
       EXAMPLES:
                 Will accept receipts dated over period of past twelve (12) months.
                 Will accept three written notorized statements from reliable people, or places of business certifying residence in Duval County for the past twelve (12) months. STATEMENTS NOT ACCEPTED FROM RELATIVES.

2. PROOF OF INCOME:
   (A) Wage slip attached must be filled out by present employer of husband.
   (B) If single and under 21 years of age, bring proof of parents (mother or father) weekly earnings.
   (C) If over 21 years of age and self-supporting, bring proof of weekly earnings.

3. PROOF OF UNEMPLOYMENT:
   (A) If husband is unemployed, bring unemployment card and claims record from Florida State Employment Service or a written statement from last employer.
   (B) If single and under 21 years of age, bring proof of parents (mother or father) unemployment.

4. INSURANCE POLICY:
   If covered by hospitalization, bring insurance policy.

5. IF MARRIED: Bring Marriage Certificate.

6. IF MARRIED and not living with husband because of desertion or separation, bring three (3) written statements from reliable people (not relatives), certifying separation or desertion.

7. IF MARRIED AND UNDER 21 YEARS OF AGE, person assuming responsibility of hospital bill must accompany or send a written notorized statement accepting responsibility.

8. IF UNMARRIED AND UNDER 21 YEARS OF AGE, a parent (mother or father) or legal guardian must accompany you.

TO AVOID UNNECESSARY DELAY IN RECEIVING MEDICAL CARE, COMPLETE INFORMATION MUST BE PRESENTED ON RETURN APPOINTMENT.