Breitel, J.
 

 Petitioner, an elderly widow living in a Westchester nursing home, brought this proceeding under article 78 of the CPLR to annul a determination by the Westchester County Department of Social Services. The department had, following a hearing, denied her “ medical assistance ” payments on the ground that she lacked qualifying residence in the State and county. Special Term sustained her view that she was eligible for assistance, but the Appellate Division reversed and reinstated the administrative determination denying her assistance.
 

 The issue is whether an out-of-State resident, who is immediately hospitalized upon coming into New York and is shortly thereafter transferred to a nursing home, may acquire a New
 
 *114
 
 York residence for purposes of qualifying for medical assistance payments. If so, under rulings of the United States Supreme Court the State may not condition qualification for assistance upon any minimum duration of residence. Relevant on the issue of genuineness of residence, at least in this case, making the resolution of the issue the easier, are the prior relationships of petitioner which establish almost a lifetime of connections with the State, and plausible motivations to resume her residence in this State.
 

 The issue should be resolved in favor of petitioner, namely, that'she established a residence in this State even though initiated by and with the purpose of her being placed in a hospital. Petitioner, who had lived in New York most of her life, returned to New York from New Jersey to be nearer her children. She was boarded, shortly after her return, in a private nursing home and it was highly probable she would live out her life in the home. She had no other abode and no resources save her social security payments. Under these circumstances, Special Term properly found that she had established a New York residence, Once residence was established, New York could not, as a matter of law, deny assistance because of the short duration of her renewed New York residence. Consequently, the order of the Appellate Division should be reversed and the judgment at Special Term reinstated.
 

 Petitioner, Jessie M. Ctirr, now 89 years old, was born and lived in New York for most of her life. Between 1915 and 1962, she lived in Westchester County. In 1962, at the age of 78, petitioner sold her home in Westchester and went to live with her ailing son, Frank, in Newark, New Jersey. The son died of cancer in 1969.
 

 Following the death of her son, petitioner lived alone in New Jersey, some 75 to 80 miles from most of the surviving members of her family who lived in Westchester. Petitioner suffered from generalized arteriosclerosis and was unable to care for herself. She had no assets and her sole income was $112.50 per month in social security.
 

 On November 12, 1971, petitioner was admitted to a private hospital in New York City. One week later, on November 19, she was transferred to a private nursing home in Westchester where she has been living ever since. In February, 1972, peti
 
 *115
 
 tioner registered to vote in Westchester based on the nursing home address.
 

 Petitioner and her daughter, Evelyn Donahue, each aver that petitioner intended to abandon her relatively brief New Jersey residence in 1971 and again take up permanent residence in Westchester. They aver that the move was not made to obtain medical aid, but rather to place petitioner closer to her family.
 

 In January, 1972, two months after she moved into the nursing home, petitioner applied for “ medical assistance ” under section 366-a of the Social Services Law. The cost of maintaining petitioner in the nursing home is in excess of $1,000 per month. Up to this time, petitioner’s two daughters and one grandson have borne the cost.
 

 Section 366 (subd. 1, par. [b]) of the Social Services Law provides that medical assistance shall be given to a person who: “ (b) is a resident of the state, or, while temporarily in the state, requires immediate medical care which is not otherwise available, provided that such person did not enter the state for the purpose of obtaining such medical care ’ ’. Sections 117 and 118 define “ State residence ” to require that a person reside in the State continuously for one year and exclude from the year any period during which the person is a patient in a hospital or private institution.
 

 Special Term expressly found that petitioner had acquired a New York residence when she moved to the Westchester nursing home. The Appellate Division held, however, that petitioner was not a New York resident for purposes of medical assistance because all the time spent in New York was either in a hospital or nursing home.
 

 Special Term’s conclusion that petitioner acquired a New York residence is compelled by the evidence. Petitioner had spent 78 years of her life in New York and of those, 47 in Westchester. She returned, not simply to receive nursing care, but also to live near the surviving members of her family. She abandoned her New Jersey home and had no other abode than the nursing home. Indeed, she registered to vote based on her nursing home residence.
 

 Ordinarily, a patient or inmate of an institution does not gain or lose a residence or domicile, but retains the domicile he had when he entered the institution (see 17 N. Y. Jur., Domicil
 
 *116
 
 and Residence, § 36; 25 Am. Jur. 2d, Domicil, § 41). But where the inmate pays his own way, is free to come and go, and has no other place of abode, his conduct may show an intent to establish the institution as his permanent home or domicile (25 Am. Jur. 2d, Domicil, § 41,
 
 supra).
 
 Thus, in
 
 Matter of Inmates of St. Ann’s School of Industry
 
 (239 App. Div. 150, affd. 262 N. Y. 715) it was held that inmates of a publicly-supported institution, who had boarded there for up to 42 years, had established ‘ ‘ bona fide ” residence for voting purposes. Each inmate averred he had made his home there, paid his own way, and could come and go at will. Similarly, in
 
 People ex rel. Singer
 
 v.
 
 Power
 
 (137 N. Y. S. 2d 61) it was held that a life-long sailor, who had retired to a Staten Island sailors ’ home, had established a ‘ ‘ bona fide ” domicile there for voting purposes.
 

 Assuming petitioner established a residence in Westchester County, the United States Supreme Court has held that qualification for assistance may not be conditioned on any minimum period of residence. In
 
 Shapiro
 
 v.
 
 Thompson
 
 (394 U. S. 618) State statutes denying public assistance to those who had not resided in the States for at least one year were held to violate the Equal Protection Clause of the Fourteenth Amendment and infringe upon the constitutional right to travel freely among the States (see, also,
 
 Vaughan
 
 v.
 
 Bower,
 
 313 F. Supp. 37, affd. 400 U. S. 884;
 
 Gaddis
 
 v.
 
 Wyman,
 
 304 F. Supp. 717, 721-724, affd. 397 U. S. 49;
 
 Crapps
 
 v.
 
 Duval County Hosp. Auth.,
 
 314 F. Supp. 181).
 

 In the
 
 Shapiro
 
 case
 
 {supra)
 
 one of the parties held to have been improperly denied public assistance had lived in the relevont jurisdiction for over a year. She had been denied assistanee because, as here, she had spent all but one month in a hospital and the local statute provided that time in the hospital did not count toward the one-year residence requirement (394 U. S., at p. 624). In holding that she was entitled to assistance, the court not only held the one-year requirement impermissible, but also held, in effect, that the locality could not define residence for purposes of public assistance to exclude those living in institutions.
 

 On the evidence, Special Term was required to find that petitioner had established a residence at the nursing home. She had lived most of her life in Westchester and New York State.
 
 *117
 
 Her family lived in Westchester. She established a voting residence in the county. In short, on the objective criteria she established the
 
 bona fides
 
 of her residence in New York. Given the facts the administrative agency might not deny petitioner medical assistance payments.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment at Special Term reinstated.
 

 Chief Judge Fuld and Judges Bubke, Jasen, Gabrielli, Jones and Wachtleb concur.
 

 Order reversed, etc.