291 So.2d 569 (1974)
Jacqueline Ann CAIZZA, Petitioner,
v.
Nello CAIZZA, Respondent.
No. 44017.
Supreme Court of Florida.
March 13, 1974.
*570 Stanley L. Seligman, Hollywood, and Andrew I. Friedrich, for appellant.
ADKINS, Chief Justice.
This is a direct appeal from the Circuit Court of Broward County which held that the residency requirement of Fla. Stat. § 61.021, F.S.A., was constitutional. We have jurisdiction.
Petitioner, plaintiff below, on June 4, 1973, filed a petition for dissolution of marriage seeking dissolution of the marriage, a restraining order, custody of the children, alimony and child support. She alleged that she was a bona fide resident of the State of Florida, "having become a resident of the State of Florida on June 2, 1973." In dismissing the petition, the trial court was of the opinion that the petition was deficient since the plaintiff had failed to allege that she resided six months in the State of Florida before filing the petition, as required by Fla. Stat. § 61.021, F.S.A. The Court held that this precluded it from exercising any jurisdiction. In its order of dismissal, the Court specifically stated that Fla. Stat. § 61.021, F.S.A., was constitutional. Since the trial court passed directly on the constitutionality of the statute, this Court has jurisdiction. Fla. Const., art. V, § 3(b) (1), F.S.A.
Plaintiff relies upon Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), in which the Court invalidated a one-year residency requirement as a prerequisite to the receipt of state welfare assistance, in that such residency restriction violated equal protection and, especially, the right to travel. The Court applied the "compelling state interest" test. Under this test, a state, in order to demonstrate that it has not violated the equal protection clause, need only show that the classification involved bears a reasonable relationship to a permissible state objective. However, when the classification abridges the exercise of a fundamental right, the state must demonstrate "a compelling interest."
The right to travel was recognized as a means of constitutional assault in Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), where the Supreme Court vitiated Tennessee's durational residency requirement as a pre-condition to registration as an elector. The Court relied upon Shapiro and indicated that any durational residency condition imposed by a state necessarily impinges upon the right to travel and that such a statute can pass constitutional muster only if supported by a compelling state interest.
*571 These same principles were discussed and applied in the Court's decisions concerning abortion. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973).
See the following cases where durational residency requirements have been struck down. Keenan v. North Carolina Board of Law Examiners, 317 F. Supp. 1350 (Admission to the Bar) (E.D.N.C., 1970); Crapps v. Duval County Hospital Authority, 314 F. Supp. 181 (Medical Aid to Indigents) (M.D.Fla., 1970); King v. New Rochelle Municipal Housing Authority, 442 F.2d 646 (Public Housing) (2nd Cir., 1971); Baxter v. Birkins, 311 F. Supp. 222 (Public Assistance) (D.Colo., 1970).
Durational residency as a pre-condition to suit for divorce has been judicially considered on at least six occasions. A three-judge District Court in Wymelenberg v. Syman, 328 F. Supp. 1353 (E.D.Wis. 1971), struck down Wisconsin's residency requirement for divorce. In Heung Au v. Lum, 360 F. Supp. 219 (1973), the United States District Court for Hawaii struck down Hawaii's mandatory residency requirement for divorce. On the other hand, the United States District Court for the Middle District of Florida, in Shiffman v. Askew, 359 F. Supp. 1225 (M.D.Fla., 1973), upheld Florida's six-month durational residency requirement.
The courts in Place v. Place, 129 Vt. 326, 278 A.2d 710 (1971); Whitehead v. Whitehead, 492 P.2d 939 (Hawaii, 1972); and Coleman v. Coleman, 32 Ohio St.2d 155, 291 N.E.2d 530 (1972), upheld statutes requiring durational residency as a pre-condition to a suit for divorce.
The Supreme Court of the United States has consistently recognized the unique status of marriage and the need to leave the entire field of marriage and divorce to the individual regulation of the several states. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877); Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942); Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945). These decisions have recognized the vital and individual interest of the states in such regulation, not only with respect to the implementation of the internal policies of the state, but also, to avoid any intrusion upon the authority and policies of a sister state.
The states have an equally vital interest in assuring the future validity of their judicial decrees, since these decrees are subject to collateral attack in other jurisdictions and may frequently involve the personal and property rights of third persons. See Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146 (1951).
Florida has a compelling state interest in requiring a provable durational residency so that Florida may avoid intrusion upon the rights and interest of a sister state that might otherwise be paramount while still insuring the integrity of its judicial decrees as against future collateral attack in distant courts.
The validity and reasonableness of Florida's six-month residency requirement may best be demonstrated by the conclusion reached in Shiffman v. Askew, 359 F. Supp. 1225, at 1234-1235:
"In summary, it may be said beyond peradventure, that many state residency requirements have been born or perpetuated as a result of legislative habit or an occasional display of provincialism with little or no deliberative thought being given to the purpose or lack of purpose involved, or whether other provisions in the particular statutory scheme were already sufficient to accomplish that purpose. This is not so in the case of divorce. Residency requirements are the sine qua non of domicile, and domicile is peculiarly essential, not merely because of technical or abstract jurisdictional considerations relevant only to the state's *572 internal policies or procedures, but because a divorce as a matter of practical and constitutional necessity can be obtained ex parte on the basis of constructive service of process with permanent future effect upon the lives and property of third persons as well as the rights of sister states. The state must go slow, it must be careful, and when it undertakes to act, it owes a duty to other states and other affected parties to make a record in support of its judgment that will withstand collateral attack and merit full faith and credit. The Florida residency requirement, proof of which must be corroborated, is not a `drastic means' of endeavoring to obtain that vital objective either in terms of the length of the residency period or in its effect upon the right it qualifies. Time is the essence of an abortion or an election or the receipt of welfare assistance (upon which the necessities of life may depend), but it is virtually irrelevant in the case of divorce. The penalty to interstate travel is de minimis, and to the extent such penalty does exist, it is justified by a compelling state interest."
We adopt the reasoning of Judge Wm. Terrell Hodges in Shiffman v. Askew, supra, in holding that Fla. Stat. § 61.021, F.S.A., is constitutional. Accordingly, the order of the trial judge should be and is affirmed.
It is so ordered.
ROBERTS, BOYD, McCAIN, DEKLE and CARLTON (Retired), JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
I perceive of no constitutionally protected compelling interest of Florida's in denying the benefit of its "no fault" dissolution of marriage law because of lack of six months residency in the state of the moving party.
Possibly under the old standards for divorce there was a moral basis for requiring a period of residence so that the state under existing societal conventions would not become another "Reno" or Mecca for easy divorce. But now under the "no-fault" dissolution concept and assuming that all due process or notice requisites have been met without any fraud or imposition or hardship being visited upon the defending party to the marriage contract because of the plaintiff's lack of state citizenship or residency, I see no compelling interest Florida has in requiring six months residence or, for that matter, any period of extended residence in the state as a condition precedent to bringing a dissolution suit.
Residency now seems altogether beside the point in a dissolution of a marriage contract case. The general law relating to contract actions would appear to be applicable, due process, venue, full faith and credit, etc.