In the Matter of ROBERT B. TRAVIS, as Commissioner of Social Services of Sullivan County Social Services District, Petitioner, *v.* ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.

Third Department, July 25, 1974.

390

*Milton Levine* (*Abraham Kleinman* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Alan W. Rubenstein* and *Ruth Kessler Toch* of counsel), for respondents.

KANE, J. This proceeding concerns the responsibility of the petitioning Sullivan County Social Services District to furnish public assistance to one Anthony Moschillo. His application therefor was rejected on the ground that he was not a resident of that county, but, after a fair hearing, the respondent New York State Department of Social Services has determined that he was such a resident for the purposes of receiving public assistance and directed the petitioner to accept that application.

It is not seriously disputed that Moschillo, formerly a Westchester County resident, came to a Daytop Village facility located in Sullivan County in May of 1973 to undergo rehabilitation for his addiction to narcotics. He applied for public assistance in September of that year. Petitioner adopted the position that his stay in Sullivan County was of such a temporary nature that his proper residence remained in Westchester County and, therefore, any responsibility to furnish such assistance necessarily devolved upon the appropriate local authorities of that area. There is no doubt that the applicant was residing or found in Sullivan County within the contemplation of subdivision 1 of section 62 of the Social Services Law so as to fix initial responsibility for his care upon petitioner in the ordinary case. The question presented is whether an exception to that general rule was established by petitioner under paragraph (d) of subdivi-

sion 5 of section 62 of the Social Services Law. In relevant part that provision declares that: "When a person, either upon admission to [an] * * * intermediate care facility located in a public welfare district other than the district in which he was then residing, or while in such * * * facility, is or becomes in need of medical assistance, the public welfare district from which he was admitted to such * * * facility shall be responsible for providing such medical assistance * * *. If while such person is receiving care in such * * * facility or when discharged therefrom, is in need of any other type of public assistance or care, the * * * district * * * from which the person was admitted to such * * * facility shall be responsible for * * * such * * * assistance * * * as in the case of other persons * * * in its territory". We need not choose between the various interpretations of that provision advanced by the parties to resolve this matter. At the fair hearing, petitioner made little or no effort to show how temporary Moschillo's stay would be in Sullivan County. Additionally, it was not demonstrated whether he had applied for medical assistance or some other type of public assistance, nor was there proof concerning the district from which he had been admitted to the care of Daytop or whether he had been receiving assistance from such a district prior to admission. Under these circumstances, and wholly apart from consideration of how critical any one of those factors might be in any particular case, respondent's determination must be sustained as based on substantial evidence since, on this record, petitioner failed to adduce proof sufficient to qualify for the afore-mentioned exception (cf. *Matter of Owen* v. *Wyman*, 36 A D 2d 547).

The determination should be confirmed, and petition dismissed, without costs.

HERLIHY, P. J., COOKE, MAIN and REYNOLDS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.