■ In the Matter of MOLLIE ZISSELS, by Her Guardian ad Litem, SYLVIA

MELTZER, Petitioner, v JAMES DUMPSON, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Determination of respondent dated August 6, 1974 unanimously annulled, on the law, and petition granted, directing respondent to reimburse petitioner her proper medical costs since June, 1974 when she applied for medical assistance, without costs and without disbursements. In this proceeding under CPLR article 78, transferred to this court from the Supreme Court, New York County, on December 20, 1974, petitioner challenges the finding by respondent after a fair hearing that petitioner came to New York for the sole purpose of obtaining medical assistance, thus rendering her ineligible for such assistance. The principal issue before us is whether the respondent's finding is supported by substantial evidence. *(Matter of Pell v Board of Educ. of Union Free School Dist No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222). Petitioner, 88 years of age, by her guardian ad litem and daughter, brings this action. Petitioner is senile. Until April 23, 1974 petitioner resided with her daughter in Connecticut where she received public assistance and Medicaid. On that day she moved to her present residence, a nursing home in New York. In June, 1974 she requested Medicaid in New York. Her request was denied. Petitioner's daughter remained a Connecticut resident until July 7, 1974 at which time she moved to New York State. The daughter's then fiance and present husband resided during this period in New York where the daughter and husband now live. Petitioner's only other relatives, a grandson and a granddaughter, also live in New York. Petitioner had lived in New York from 1928 to 1952 and again from 1954 to 1956, a total of 26 years. The sole testimony at the fair hearing in support of respondent's findings other than the biographical material referred to above was that a supervisor of the New York City Department of Social Services who stated, "we felt that the patient was not a New York State resident but was in the State of Connecticut and under New York medical law, no one is allowed to come in from another state solely for the purpose of availing themselves of medical assistance. Now on that basis we denied the case." No pertinent facts to support the conclusion of this witness were adduced at the hearing by the respondents. On the other hand, defendant's daughter told of arranging to bring her mother to New York so that the petitioner could be closer to the members of her family and "that's the only reason" she moved to New York. Section 366 of the New York Social Services Law written to comply with Federal regulations (see 45 CFR 248.40) provides the eligibility standards for medical assistance. Medical assistance shall be given to a person who requires such assistance and who, as defined by section 366 (subd 1, par [b]), "is a resident of the state, or, while temporarily in the state, requires immediate medical care which is not otherwise available, provided that such person did not enter the state for the purpose of obtaining such medical care". Sections 117 and 118 of the Social Services Law define a State resident as a person who resides in the State continuously for one year, excluding the period a person is in a hospital or private institution. In this case it is not necessary to consider petitioner's constitutional challenge to these sections. The test to be applied here is whether respondent's determination was predicated upon substantial evidence. *Edison Co. v Labor Bd.* (305 US 197, 229) held "substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." The evidence at the hearing did not contain one reason why petitioner would leave Connecticut and its grant of assistance merely for New York's grant of assistance. The evidence does support a finding that

petitioner's daughter intended to move to New York (she had done so), and that petitioner's daughter wanted petitioner to be near. Such is a valid reason supporting a purpose of coming to New York other than to receive assistance. Although petitioner's receipt of medical care was coincidental with her return to New York, there is an absence of substantial evidence to establish that receipt of such care was her purpose in re-entering the State and therefore respondent's decision must be annulled. (Cf. *Matter of Corr v Westchester County Dept. of Social Servs.*, 33 NY2d 111.) Concur—Markewich, J. P., Murphy, Birns, Silverman and Lane, JJ.