■ In the Matter of ROSE EBNER, by Her Guardian ad Litem, SEYMOUR EBNER, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York

State Department of Social Services, dated January 17, 1977 and made after a statutory hearing, which affirmed a determination of the local agency denying petitioner medical assistance benefits on the ground that she was not a New York resident. Petition granted and determination annulled, on the law, without costs or disbursements, and matter remanded to the Department of Social Services for a *de novo* determination as to petitioner's eligibility for medical assistance as a New York resident. The determination that petitioner was not a New York resident was not supported by substantial evidence in the record (see *Matter of Corr v Westchester County Dept. of Social Servs.,* 33 NY2d 111; *Matter of Ruiz v Lavine,* 49 AD2d 1). The respondent State commissioner offers only two facts which he claims prove that petitioner did not intend to establish residence in New York. First, he notes that petitioner paid rent on her Connecticut apartment until November, 1975, some two months after she entered the nursing home in Great Neck. However, petitioner claims that she had a lease which ran beyond that time and that her landlord would not let her out of the lease when she first informed him that she wanted to leave. Instead they worked out a compromise by which petitioner would pay rent until November so that her landlord would have an opportunity to obtain a new tenant without losing any rent. Second, the respondent State commissioner states that petitioner had received Medicare payments from Connecticut *since her accident.* The Medicare law requires that a claimant file for reimbursement in the State in which the medical services were performed. Thus if petitioner filed in Connecticut for services received there since her accident, that fact does not in any way prove that she intended to remain a resident of Connecticut. Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.