■ GREGORY CASEY, Appellant, v CITY OF ALBANY, Respondent.—Appeal from a judgment of the Supreme Court, entered October 15, 1976 in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiff. The sole issue presented on this appeal is whether the jury's award of damages in the sum of $6,000 to plaintiff for injuries sustained as the result of an assault by an Albany police officer was inadequate. The record reveals that plaintiff sustained a fractured jaw which had to be wired for a period of seven weeks during which time he was on a liquid diet. The record also reveals that plaintiff's medical expenses totaled some $2,100 and his loss of time amounted to $2,160. It is our view that the verdict is plainly inadequate and must be set aside. Judgment reversed, on the law and the facts, and a new trial limited solely to the issue of damages ordered, with costs. Greenblott, J. P., Sweeney, Main and Mikoll, JJ., concur; Larkin, J., dissents and votes to affirm in the following memorandum. Larkin, J. (dissenting). Since the jury is in a much better position than an appellate court to evaluate the witnesses and the physical injuries, its verdict should not be disturbed.

■ In the Matter of MAHLON VAN DYKE et al., Petitioners, v CARMEN SHANG, as Commissioner of Social Services of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Greene County) to review a determination, made following a hearing, which affirmed the determination of the Greene County Department of Social Services to discontinue petitioners' medical assistance. Petitioners were concededly domiciled in the City of New York before moving to Greene County in April of 1976. Whether they effected a change in that domicile so as to qualify for medical assistance payments from the Greene County Department of Social Services presented a question of fact and, accordingly, we are obliged to accept respondents' determination thereof if it possesses substantial evidentiary support. Although several circumstances relating to that issue were developed at a hearing conducted in April of 1977, chief among them was petitioners' retention of an apartment with their valuable household contents in New York City for which they continued to pay rent that exceeded the cost of storing the articles or moving them to Greene County. While other factors tended to show that petitioners may have taken up permanent residence in Greene County, we are unable to find anything irrational in respondents' conclusion that their failure to abandon their former abode was inconsistent with the acquisition of a new domicile at the time this determination was rendered (see *Matter of Corr v Westchester County Dept. of Social Servs.,* 33 NY2d 111; *Matter of Ruiz v Lavine,* 49 AD2d 1). Determination confirmed and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.