In the Matter of ELLEN HUTCHINGS, Petitioner, v STANLEY A. BREZENOFF, as Commissioner, New York City Department of Social Services, et al., Respondents.

First Department, October 13, 1983

### APPEARANCES OF COUNSEL

*K. Diallo Scott* of counsel (*Neil L. Levine* also on the brief; *Norman Siegal,* attorney), for petitioner.

*Frederic L. Lieberman* of counsel (*Melvyn R. Leventhal* and *Maryellen Weinberg* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for Barbara Blum, respondent.

### OPINION OF THE COURT

MILONAS, J.

In October of 1979, petitioner Ellen Hutchings, who was then living and working in New York City, left her job, sublet her apartment for six months and departed for Colombia in South America along with her infant daughter, Anna. Her purpose in going to Colombia was to effect a reconciliation with her estranged common-law husband.

However, the attempt was not successful, and petitioner returned to the United States in March of 1980, apparently against the wishes of her husband. When she arrived back in New York, petitioner was pregnant, and both she and her daughter were suffering from health problems which had developed during their stay in South America. Since the sublease on her apartment had not yet expired and petitioner was without funds, she decided to move in with some friends in New Jersey until such time as her apartment became available.

While petitioner was still residing in New Jersey, her daughter Anna swallowed some medication which the child had discovered in the course of exploring a suitcase. Anna was rushed to Newton Memorial Hospital in Newton, New Jersey, where she received emergency treatment. Petitioner discussed payment of her bill with hospital personnel, explaining that she had no money or medical insurance. She was advised that since she had listed her New York apartment as her permanent address, she should "check into Medicaid" when she got back to New York.

Shortly after her daughter's release from the hospital, petitioner and her daughter returned to their New York apartment. On April 11, 1980, she applied for public assistance. Although her request was initially denied because of an alleged discrepancy in her employment record, there was no mention of any question concerning her New York residency. That decision was affirmed after an administrative hearing. Petitioner then reapplied for public assistance and was accepted on June 16, 1980. At that point, she asked for retroactive payment to cover the medical expenses incurred as a result of her daughter's hospitalization, but was turned down by respondent Brezenoff, Commissioner of the New York City Department of Social Services. The basis provided for rejection of her claim was that petitioner was not eligible for public assistance on the date of her daughter's hospitalization.

A fair hearing was subsequently held on October 24, 1980 to review the agency's ruling. Petitioner appeared without counsel, and the individual who represented the city's Department of Social Services did not participate.

The administrative law judge found in favor of respondent Brezenoff's position, concluding that petitioner and her daughter were living in New Jersey at the time of the child's hospitalization and, thus, were not entitled to medical assistance. However, he failed to inquire into petitioner's reasons for her trip to South America, the arrangement she had with the subtenant of her apartment, the duration and extent of her connections with New York or whether she left New York with the intention of moving permanently to Colombia or returning to New York. In a decision dated January 19, 1981, respondent Blum, Commissioner of the New York State Department of Social Services, affirmed respondent Brezenoff's prior determination.

According to section 349 of the Social Services Law:

"A. Aid to dependent children shall be given to a parent * * * for the benefit of a child * * * if * * *

"4. such child is a resident of the state on the date of application for aid."

Section 366 of the Social Services Law states that:

"1. Medical assistance shall be given under this title to a person who requires such assistance and who

"(a) either (1) is receiving or is eligible for home relief or aid to dependent children; or * * *

"(b) is a resident of the state, or, while temporarily in the state, requires immediate medical care which is not otherwise available, provided that such person did not enter the state for the purpose of obtaining such medical care".

Retroactive medical assistance is available for a period of up to three months preceding the date of the application for public assistance if the applicant was otherwise eligible at the time that the medical care or services were rendered. (18 NYCRR 360.16.)

Pursuant to 18 NYCRR 349.4: "(b) *Medical assistance.* An individual who dwells in the State and who intends to continue to dwell in the State shall be deemed to be a resident of the State without regard to his length of residence therein. At the time an individual incurs the need for medical care, he shall be deemed to be temporarily absent, within or without the State, from the public wel-

fare district in which he dwells if, prior to such absence, he was affirmatively dwelling in such public welfare district, has evidenced intent to return there and there is lack of affirmative evidence of his intent to establish permanent residence elsewhere."

It is undisputed that at the time of her application, petitioner was eligible for public assistance, that she was a resident of New York State and that she requested retroactive payment for medical services rendered within three months prior to the date of that application. She was refused medical assistance solely because respondents concluded that she was a resident of New Jersey rather than of New York during the period of her daughter's hospitalization, a finding which, petitioner contends, is not based upon substantial evidence. Substantial evidence is defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180). An administrative determination supported by substantial evidence has a rational basis and will be upheld by the courts. (*Matter of Pell v Board of Educ.,* 34 NY2d 222.) However, a "court reviewing the substantiality of the evidence upon which an administrative agency has acted exercises a genuine judicial function and does not confirm a determination simply because it was made by such an agency" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* at p 181).

In the instant case, there is no evidence to demonstrate that petitioner's trip to South America involved anything other than a temporary visit. She lived and worked in New York prior to her departure and sublet her apartment for a six-month period. Although respondents assert that a successful reconciliation would have required that petitioner stay in Colombia, it is purely speculative whether the reunited couple would have chosen to reside in South America or return to New York. At any rate, the record is barren of proof as to whether it had indeed been petitioner's plan to remain in South America in the event that she and her husband managed to resolve their difficulties. Furthermore, any change in petitioner's residence would have been conditioned upon a successful reconciliation,

which never took place. What is clear is that following petitioner's return to the United States, it was always her intention to reside in New York and that she only moved in with her friends in New Jersey because the sublease on her apartment had not yet expired, that she came back during the transit strike, and she could not afford to live anywhere else. Certainly, she had no home in, or connections with, New Jersey or any other State such as would call into question the *bona fides* of her residence in New York. (See *Matter of Corr v Westchester County Dept. of Social Servs.*, 33 NY2d 111.) Indicative of petitioner's unswerving intention to remain a New York resident was the fact that she informed the hospital in which her daughter was a patient that her New York apartment was her permanent address. The mere fact that petitioner spent less than two weeks visiting friends in New Jersey when her daughter needed emergency care is hardly sufficient to show that she was a resident of New Jersey. Accordingly, since there is a lack of affirmative evidence that petitioner's trip to South America entailed a permanent change of residence or that her sojourn in New Jersey was ever meant to last beyond the recovery of her apartment (18 NYCRR 349.4), respondents' determination denying her application for retroactive medical assistance was not supported by substantial evidence.

In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (NORMAN C. RYP, J.), entered on June 10, 1982, seeking to review and annul the determination of respondent Barbara Blum, Commissioner of the New York State Department of Social Services, dated January 19, 1981, which, following a fair hearing, affirmed a determination by respondent Stanley A. Brezenoff, Commissioner of the New York City Department of Social Services, denying petitioner's application for retroactive medical assistance, petition should be granted, and the determination annulled, on the law, without costs or disbursements, and petitioner's application for retroactive medical assistance granted.

KUPFERMAN, J. P., SULLIVAN, ROSS and ALEXANDER, JJ., concur.

Determination of respondent State Commissioner, dated January 19, 1981, unanimously annulled, on the law, the petition granted, without costs and without disbursements, and petitioner's application for retroactive medical assistance granted.