OPINION OF THE COURT
Rachelle C. Kaufman, J.
On June 11, 2004, petitioner filed the instant order to show cause seeking an order of the court declining jurisdiction over issues of custody and visitation concerning the parties’ children. The matter was heard on July 30, 2004. The petitioner appeared, with counsel, and respondent, who was not present due to his being incarcerated, was represented by counsel. The children’s law guardian also appeared. The parties were given the opportunity to submit memoranda of law on the jurisdictional issue. The petitioner and respondent each filed papers on said issue. The law guardian submitted a letter in support of the petitioner’s application.
The parties have a significant history before this court. During the period of time that the parties lived together with their children, they resided in New York. In November of 1999, when Angelique was two years old and Meaghan was just two months old, the parties separated and the petitioner and the children relocated to New Jersey. The father petitioned for custody. That petition resulted in an order of joint legal custody with physical custody to the mother and visitation to the father. Since the entry of said order there have been numerous violation and modification petitions which have been filed and heard in this court. Most recently, the father filed a petition for modification of the visitation portion of the order and the mother petitioned for sole custody, both based upon the father’s current incarceration. The court ordered that the father have visitation once per month, with the mother transporting the children. Thereafter, the mother again filed for sole custody. She later withdrew that petition. Subsequently, the mother filed the instant application.
The issue before the court is whether, as a result of the father’s present incarceration within a federal penitentiary in the Commonwealth of Pennsylvania, this court is devoid of jurisdiction or should decline jurisdiction over future petitions to modify the existing order of custody and visitation pertaining to these parties and their children.
Domestic Relations Law § 76-a (1) provides that New York has exclusive, continuing jurisdiction over a child custody determination until a court of this state determines that
“(a) . . . neither the child, the child and one parent, *693 nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or “(b) . . . that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.”
The first question that must be addressed is whether New York or Pennsylvania is the father’s state of residence. In November of 1999, the mother and children of the parties relocated to the State of New Jersey. It is uncontested that until the father’s incarceration, he remained a resident of the State of New York. It is also uncontested that the father is currently incarcerated within the State of Pennsylvania and that his wife continues to reside in the marital residence which is located in the State of New York.
Article II, § 4 of the New York Constitution provides that, for voting purposes, a person shall neither gain nor lose residence based upon his place of incarceration. While there appears to be neither statutory nor case law directly on point as to whether a person’s residence is determined by his or her place of incarceration for the specific purpose of determining jurisdiction for child custody purposes, there is case law determining for other purposes, such as voting and school district residency, that it is a person’s domicile rather than his or her place of incarceration that is determinative. (See, People v Cady, 143 NY 100 [1894]; Westbury Union Free School Dist. v Amityville Union Free School Dist., 106 Misc 2d 189 [1980]; Chris-Mac Co. v Johnpoll, 130 Misc 2d 478 [1985].) “Residence,” as that term is used in the Domestic Relations Law relating to residency requirements for divorce actions, is synonymous with “domicile.” Thus, the requirement of residence is not satisfied by the mere bodily presence of a party within a state, no matter for how long a period. (See, Domestic Relations Law § 230 [4].) A domicile implies an actual bona fide residence of one who is in a state with the intention of remaining there permanently even though such person may, at some future time, seek a home elsewhere. (McCarthy v McCarthy, 179 Misc 623 [1943].) In the present case, the father does not intend to remain within the federal penitentiary permanently and it is not his intention to make it his home.
Conversely, the court was not provided with, nor did it find, any case law supporting the mother’s argument that a person’s *694 residence, for any legal purpose, is determined by the place of his or her incarceration. Accordingly, it is the determination of this court that New York remains the father’s state of residence for the purposes of determining jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, and that, contrary to the mother’s assertions that it is devoid of subject matter jurisdiction, New York State maintains continuing, exclusive jurisdiction to modify the parties’ order of custody and visitation.
Having determined that New York maintains continuing, exclusive jurisdiction over proceedings for modification of prior orders of custody and visitation, the next issue that the court must decide is whether, pursuant to Domestic Relations Law § 76-f, the court should decline jurisdiction on the basis that it is an inconvenient forum and that a sister state is, under the circumstances, a more appropriate jurisdiction. As noted above, this court has extensive history with the parties and is well versed in the dynamics of this family relationship. However, the children have resided within the State of New Jersey for almost five years, have attended school in New Jersey and one of the children undergoes therapy in that state. Further, due to the provisions of the custody and visitation order the children have spent the majority of the time in New Jersey and, as a result of the father’s current incarceration, the children’s contact with the State of New York has virtually ceased. Now that the father, though his residency remains in New York, is no longer physically present in this state — nor will he be for quite some time— there is no longer any available evidence in New York as to the children’s care, protection, training and personal relationships. Under the circumstances of the case at bar, the court finds that New York is an inconvenient forum and that the State of New Jersey is a more appropriate forum.
Accordingly, New York declines to exercise jurisdiction over future petitions seeking modification of prior orders of custody and visitation concerning these parties and their children. Should the mother file a modification petition in New Jersey, this court urges the courts of the State of New Jersey to request copies of the prior petitions, orders and reports of this court so that New Jersey may become aware of the extensive history of the case and benefit from this court’s familiarity with this family.