Jose SANCHEZ et al., Plaintiffs,

v.

David H. PINGREE, etc., Defendant.

No. 79–1661–CIV–JCP.

United States District Court,
S. D. Florida.

May 16, 1980.

Legal Services of Greater Miami, Inc., Marcia K. Cypen, Miami, Fla., for plaintiffs.

Chester G. Senf, Asst. Gen. Counsel, Florida Dept. of Health and Rehabilitative Services, Jacksonville, Fla., for defendant.

## ORDER GRANTING PERMANENT INJUNCTION AND DECLARATORY JUDGMENT

PAINE, District Judge.

Plaintiffs JOSE and MERCEDES SANCHEZ brought this class action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 1983. Plaintiffs challenge as unconstitutional that portion of Florida Statutes § 410.032(1) which imposes a one year residency requirement for those elderly individuals seeking benefits under Florida's Community Care for the Elderly Act. Florida Statutes § 410.021 *et seq.* (hereinafter the "Act"). Defendant DAVID H. PINGREE is sued individually and in his capacity as Secretary of the Florida Department of Health and

Rehabilitative Services. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1343(3), (4).

On June 16, 1978, Defendant PINGREE's motion for judgment on the pleading or, alternatively, to transfer for improper venue was denied on the authority of *Sheffield v. State of Texas*, 411 F.Supp. 709, 713 (N.D.Tex.1976). On August 13, 1979, Plaintiffs' motion for preliminary injunction was granted and Defendant PINGREE was enjoined from further applying the one year durational residency requirement set forth in Florida Statutes § 410.032(1) to individuals seeking benefits under the Act pending a final decision on the merits.

On September 26, 1979, Plaintiffs' motion to certify the class under Fed.R.Civ.P. 23(a), (b)(2) was granted. The class represented by Plaintiff JOSE SANCHEZ was certified to consist of all needy elderly persons in the State of Florida who are eligible to receive benefits under the Home Care for the Elderly Program, but for the application of Florida Statutes § 410.032(1) which requires an applicant to have resided in the State of Florida for no less than one year in order to receive benefits. The class represented by Plaintiff MERCEDES SANCHEZ was certified to consist of all persons in the State of Florida who provide home care to needy elderly persons who are eligible to receive benefits under the Home Care for the Elderly Program, but for the application of Florida Statutes § 410.032(1) which requires an applicant to have resided in the State of Florida for no less than one year.

The case is now before this court on Plaintiffs' motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. For the reasons stated below, Plaintiffs' motion is granted.

## FACTS

Plaintiff JOSE SANCHEZ is seventy-three (73) years old and suffers from various ailments, including chronic angina pectoris, Parkinson's disease, high blood pressure, cataracts, loss of equilibrium, and incontinence, for which he requires numerous medications. Plaintiff MERCEDES SANCHEZ is the wife of JOSE SANCHEZ. She provides her husband with care at home consisting of bathing, dressing, preparing meals, and administering medication and oxygen daily.

Plaintiffs moved to Florida in August, 1978, and subsequently applied for benefits under the Act. Plaintiffs' sole income at that time was $385 per month, comprised of Social Security retirement benefits. But for the residency requirement, Plaintiffs were eligible for the benefits. On February 2, 1979, Plaintiffs' application for benefits under the Act was denied solely because Plaintiffs had resided in the State of Florida for less than one year. This action was filed thereafter.

## STATUTORY FRAMEWORK

The Community Care for the Elderly Act was enacted

> to encourage the provision of care for the elderly in family-type living arrangements in private homes as an alternative to institutional or nursing home care for such persons.

Florida Statutes § 410.031. Under the Act, the State of Florida, through its Department of Health and Rehabilitative Services, subsidizes part of the costs of housing, food, clothes, medical services and incidentals for eligible elderly persons who are provided care at home.[1] Florida Statutes § 410.-032(1) provides:

1. (1) The department shall establish by rule by January 1, 1978, a schedule of subsidiary payments to be made to persons providing home care for certain eligible elderly persons. Payments shall be no less than 10 percent of the prevailing rate paid by the department for the lowest level of nursing home care under s. 409.266, and no greater than 45 percent of said amount. Payments shall be based on the financial status of the person receiving care. Payments shall include, but not be limited to:

(a) A support and maintenance element, to include costs of housing, food, clothing, and incidentals.

(b) Payments for medical, pharmaceutical, and dental services essential to maintain the health of the elderly person and not covered by medicare, medicaid, or any form of insurance.

(1) "Elderly person" means any person 65 years of age or over who is currently a resident of this state and has resided in this state for no less than one year.

It is this durational residency requirement which Plaintiffs challenge.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1343(3), (4). Plaintiffs allege that the challenged statute violates their right to equal protection of the laws under the United States Constitution, as well as their exercise of the fundamental right to travel. This court further has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs allege a federal question, and the amount in controversy, specifically the potential injury to the physical health of each individual Plaintiff, is in excess of $10,000. *Bracco v. Lackner*, 462 F.Supp. 436, 448 (N.D.Cal.1978).

## VENUE

Although the issue of venue has previously been determined by the Court, Defendant PINGREE raises it once again in his memorandum in response to Plaintiffs' motion for summary judgment.[2] 28 U.S.C. § 1391(b) provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, *or in which the claim arose*, except as otherwise provided by law. (Emphasis supplied)

Defendant resides in the Northern District, and venue is therefore proper in the Northern District. However, venue is, also proper where the claim arose.

Plaintiffs allege injury as a result of Defendant's administration of a state statute requiring Plaintiffs to live in Florida for at least one year as a precondition to obtaining benefits under that statute. Although the statute is administered in the Northern District, the effect of the statute is felt by Plaintiffs in the Southern District and the injury to Plaintiffs occurs in the Southern District. Therefore, the claim arose in the Southern District. *Sheffield v. State of Texas*, 411 F.Supp. 709, 713–714 (N.D.Tex.1976).[3]

## CONSTITUTIONAL CLAIMS

Section 410.032(1) creates two classes of needy elderly persons indistinguishable from each other, except that one is composed of persons who have resided in Florida for one year or more, and the second of persons who have resided in Florida for less than one year. On the basis of this sole difference, the first class is granted, and the second class is denied benefits under the Act. This classification denies Plaintiffs' equal protection of the laws and impinges on their fundamental constitutional right to interstate travel. *Shapiro v.*

(c) When necessary, special supplements to provide for any service and specialized care required to maintain the health and well-being of the elderly person.
(2) The department shall develop a plan for the implementation of a program of uniform subsidy payments to persons providing home care for the elderly.

2. Defendant also raises a question as to service of the Attorney General, as required by Local Rule 9 B and Florida Statutes § 86.091. This requirement has been met.

3. The Supreme Court in *Leroy v. Great Western Corporation*, 443 U.S. 173, 185, 99 S.Ct. 2710, 2718, 61 L.Ed.2d 464 (1979), allows for a certain amount of flexibility in selecting a forum:

[A] plaintiff may choose between those two (or conceivably even more) districts that with

approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relative evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim.

It is equally plausible that the locus of this claim should be where Plaintiffs were denied their benefits as where the "policy" to do so was decided and is administered. Thus, Plaintiffs may choose their forum where the choices are both forums within the same state.

In this case, Plaintiffs chose as their forum the Southern District where their benefits were denied. It is no more inconvenient for Defendant to defend a claim in the Southern District than it would be in the Northern District. Venue is therefore proper in the Southern District.

*Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Memorial Hospital v. Maricopa County,* 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974). See also *Crapps v. Duval County Hospital Auth. of Duval Co., Fla.,* 314 F.Supp. 181 (M.D.Fla. 1970); *Arnold v. Halifax Hospital District,* 314 F.Supp. 277 (M.D.Fla.1970).

In *Shapiro,* the Supreme Court invalidated statutory durational residency requirements which operated to deny welfare benefits to individuals who otherwise qualified for such assistance, but for their failure to establish one year residence. The court held the statutory prohibition of benefits to residents of less than one year to constitute a denial of equal protection of the laws and to impinge on the right guaranteed to all citizens to travel freely among the states of the Union. In *Maricopa County,* the Court struck down a durational residency requirement for free nonemergency medical care for indigents on the same grounds.

State statutes claimed to deny equal protection of the laws may be upheld if demonstrated to further permissible state objectives. See *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). However, it is well established that state action which impinges fundamental constitutional rights must be shown necessary to the promotion of a compelling state interest. See *Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); *Korematsu v. U. S.,* 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944); *Shapiro v. Thompson, supra.* A test of strict scrutiny is applied in such cases to determine whether the state's conduct is justified.

In *Shapiro,* the Court rejected the following arguments advanced by the state in support of the challenged residency requirements: (1) that such requirements were necessary to preserve the fiscal integrity of state public assistance programs; (2) facilitation of the planning of the welfare budget; (3) provision of an objective test of residency; (4) minimization of the opportunity for recipients fraudulently to receive payments from more than one jurisdiction; and (5) encouragement of early entry of new residents into the labor force. 394 U.S. at 627–38, 89 S.Ct. at 1327–1333.

In *Memorial Hospital v. Maricopa County, supra,* the Court construed *Shapiro* as having established a two-part impact test to determine the existence of a compelling state interest. To be considered are: (1) whether the waiting period would deter migration; and (2) the extent to which the residence requirement served to penalize the exercise of the fundamental right to travel. 415 U.S. at 257, 94 S.Ct. at 1081. No finding need be made that the durational requirement did, in fact, deter travel. *Id.* at 258–9, 94 S.Ct. at 1082: *Accord, Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972).

The record indicates that the above "impact" test is satisfied. As the Court observed in *Maricopa County, supra* at 259, 94 S.Ct. at 1082–1083:

> Whatever the ultimate parameters of the Shapiro penalty analysis, it is at least clear that medical care is as much 'a basic necessity of life' to an indigent as welfare assistance. And governmental privileges or benefits necessary to basic sustenance have often been viewed as being of greater constitutional significance than less essential forms of governmental entitlements. (Footnotes omitted)

Here, the sought after benefits are closely akin to medical care and, in any event, qualify as a form of state welfare assistance. Thus, under either *Shapiro* or *Maricopa County,* the Florida durational residency requirement is constitutionally infirm. Defendant's failure even to attempt to demonstrate any state interest, the furtherance of which could justify the durational requirement, further supports this Court's conclusion.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment is granted, Defendant PINGREE is permanently enjoined from enforcement of the durational residen-

cy requirement set forth in Florida Statutes § 410.032(1). Further it is declared that the durational residency requirement set forth in Florida Statutes § 410.032(1) denies Plaintiffs and the class they represent equal protection of the laws and impinges on their fundamental constitutional right to interstate travel, and it is therefore invalid.

The Court retains jurisdiction of this cause for the purpose of awarding attorneys' fees to Plaintiffs under 42 U.S.C. § 1988 in an amount to be determined upon the submission of appropriate affidavits.