**ALUMINUM COMPANY OF AMERICA and Tapoco, Inc.**

v.

**UTILITIES COMMISSION OF NORTH CAROLINA, Robert K. Koger, et al.**

Civ. No. 3–82–33.

United States District Court,
E. D. Tennessee,
N. D.

April 12, 1982.

Ronald D. Jones, Grant S. Lewis, David R. Poe, New York City, Richard L. Holz, Pittsburgh, Pa., Jackson C. Kramer, John B. Rayson, Knoxville, Tenn., for plaintiffs.

Robert A. Finley, James H. London, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

In this action, plaintiffs, Aluminum Company of America (Alcoa) and Tapoco, Inc., (Tapoco) seek to enjoin an order of defendant, North Carolina Utilities Commission (NCUC), setting retail rates for the North Carolina Utility, Nantahala Power and Light Company (Nantahala). Plaintiffs allege that the NCUC rate formulation violates the Interstate Commerce Clause, U.S. Const. art. I § 8. They also allege that the rates seek to regulate matters within the exclusive jurisdiction of the Federal Energy Regulatory Commission, the Tennessee Valley Authority (TVA), and the Public Utility Holding Company Act. Finally, plaintiffs allege substantive and procedural due process violations.

The case is now before the Court on defendants' motion to dismiss or in the alternative for change of venue. The parties have briefed and argued their positions to the Court.

Alcoa is a Pennsylvania corporation with large East Tennessee operations for the production and fabrication of aluminum. Tapoco, a Tennessee corporation, is a wholly owned subsidiary of Alcoa. Tapoco owns four hydroelectric generating plants and supplies power to Alcoa. Two of Tapoco's plants are in Tennessee and two are in North Carolina. Nantahala, also wholly owned by Alcoa, operates as a public utility in Western North Carolina. Nantahala owns eleven hydroelectric plants, ten of which are in North Carolina. NCUC is a governmental agency of the state of North Carolina; all individual defendants are Commissioners of NCUC and reside in North Carolina. NCUC's offices are in Raleigh, North Carolina.

Pursuant to the Tennessee Valley Authority Act of 1933, TVA, Alcoa, Tapoco,

and Nantahala entered into agreements giving TVA control over the operation of the Tapoco and Nantahala dams on the Tennessee River system. Under the agreements all electric power is turned over to TVA and TVA apportions power entitlements to Tapoco and Nantahala. All of Tapoco's entitlements are sold to Alcoa's Tennessee operations. Nantahala's entitlements are sold to its North Carolina customers.

In 1976 Nantahala applied to NCUC for a rate increase for retail electric service in North Carolina. After rates were set, the case was appealed to the Supreme Court of North Carolina. *Utilities Commission v. Edmisten,* 299 N.C. 432, 263 S.E.2d 583 (1980). On appeal, Nantahala's customers argued that Tapoco's and Nantahala's Tennessee and North Carolina facilities should be considered a single entity for North Carolina rate making purposes. The North Carolina Court remanded to NCUC to consider this approach. On remand NCUC found the apportionment agreements unfairly discriminated against Nantahala customers. Gruber affidavit, Sept. 2, 1981 Order p. 7. It then adopted the roll-in methodology and considered the two utilities as a single entity. Alcoa and Tapoco were parties to the NCUC proceedings on remand. On September 2, 1981, a NCUC panel entered an order reducing Nantahala's rates and requiring a refund. *Id.* Specifically, NCUC ordered Alcoa to bear the burden of the refunds to the extent Nantahala was not financially able. *Id.* at p. 43. The order was affirmed by the full NCUC on January 28, 1982. Gruber affidavit, Jan. 28, 1982 Order. It is this order that is the subject matter of this action.

Defendants have moved to dismiss this case on several theories. They argue that this Court lacks subject matter and personal jurisdiction. Defendants also assert improper venue and service of process and say that the complaint fails to state a claim on which relief can be granted. Additionally, defendants urge this Court to abstain pending the final outcome of rate appeals in the North Carolina courts.

The United States Supreme Court has recently addressed the venue provisions of 28 U.S.C. § 1391(b) in *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). The Court found the venue issue to be a threshold matter when raised by the defendant. In the instant case, venue is proper only "in the judicial district where all the defendants reside, or in which the claim arose." 28 U.S.C. § 1391(b). Since none of the defendants reside in this district, the case may remain here only if this is where the claim arose. Only in the most unusual case will it not be clear that the claim arose in only one specific district. 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464.

In *Great Western,* a Texas company sued Idaho officials in the Federal District Court in Texas, seeking a declaration that the Idaho Corporation Takeover Act was invalid. Although the Texas plaintiff suffered the consequences of the Act's requirements in Texas, the Supreme Court held that the claim had "only one obvious locus—the District of Idaho." *Id.* at 185, 99 S.Ct. at 2717. The Court noted that the challenged action was taken in Idaho by Idaho residents, including the statutory enactment and administration of the Act. The bulk of the evidence and witnesses were in Idaho. The Court also found that the nature of the action challenging the constitutionality of a state statute was important in the venue determination.

The factors considered by the Supreme Court in *Great Western* apply equally as well to the claims in the instant case. We find that North Carolina is the "only one obvious locus." The rates were set by the North Carolina defendant in Raleigh, North Carolina. Defendants purported to act pursuant to North Carolina statutory authority and under the guidance of the North Carolina Supreme Court. The direct object of the challenged rates is a North Carolina public utility, Nantahala, and the majority of the relevant evidence and witnesses appear to be located in North Carolina rather than Tennessee.

Plaintiffs urge that because the adverse impact of the NCUC orders occurs within the Eastern District of Tennessee, the claim arose here. We note initially that the alleged economic impact may not be limited to this judicial district; the refund orders are not directed solely to Alcoa's Tennessee operations, but rather to Alcoa generally. Gruger affidavit, Sept. 2, 1981 Order p. 43. We also find the cases cited by plaintiffs for their impact theory of venue inapposite. In *Sanchez v. Pingree,* 494 F.Supp. 68 (S.D.Fla. 1980), and *Cheeseman v. Carey,* 485 F.Supp. 203 (S.D.N.Y., 1980), *aff'd,* 623 F.2d 1387 (2nd Cir. 1980), plaintiffs sued state officials in their home states; here plaintiffs seek to bring NCUC to a totally different forum. In *City of Evansville v. Kentucky Liquid Recycling, Inc.,* 604 F.2d 1008 (7th Cir. 1979), *cert. denied* 444 U.S. 1025, 100 S.Ct. 689, 62 L.Ed.2d 659 (1980), and *Maney v. Ratcliff,* 399 F.Supp. 760 (E.D.Wis. 1975), tortious injury to property and persons had occurred in the forum districts. Proof of injury was a significant aspect of the litigation in those cases. 604 F.2d at 1020. Such a close nexus is not present in the instant case, where only a potential economic impact in Tennessee is alleged.

Because of our ruling on the issue of venue, we do not express an opinion as to defendants' other arguments or the merits of this case. These issues, as well as motions to intervene and for summary judgment, are best left to the District Court for the Eastern District of North Carolina.

For the foregoing reasons, it is ORDERED that this case be, and the same hereby is, transferred to the United States District Court for the Eastern District of North Carolina, in Raleigh, North Carolina.

Order Accordingly.