## DISTRICT NO. 1, PACIFIC COAST DISTRICT, M.E.B.A., Plaintiffs-Appellees,

### v.

## STATE OF ALASKA, Defendant-Appellant.

### No. 81–3082.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1981.

Decided July 27, 1982.

Jack McGee, Asst. Atty. Gen., Juneau, Alaska, for defendant-appellant.

J. Markham Marshall, Seattle, Wash., for Dist. L. P. C. D.

A. Richard Dykstra, Seattle, Wash., for Grammer et al.

Before GOODWIN, KENNEDY and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

The State of Alaska appeals from the district court's summary judgment holding Alaska's "Change Port" statute unconstitutional under the commerce clause and the privileges and immunities clause of the United States Constitution. We vacate the summary judgment and remand with instructions to transfer the action to the District of Alaska.

## FACTS

The Alaska Marine Highway System, which is owned and operated by the State of Alaska, operates ferries between Seattle, Washington and Alaska, as well as between Alaskan ports. Many of the System's employees live in Washington, the System has a terminal in Seattle, and much of the System's maintenance is performed in Seattle.

In 1977 Alaska enacted a statute providing, in part, that "[n]o employee of the Alaska Marine Highway System may be relieved at a duty station or port which is outside the state." Alaska Stat. § 19.65.-010. The National Marine Engineers Beneficial Association, a union representing System employees, sued the state and state officials ("defendants") in the Western District of Washington, contending that the statute was unconstitutional and seeking a permanent injunction against its enforcement. A similar suit was brought by 29 deck officers and pilots licensed by the Coast Guard. The two suits were consolidated.[1]

---

1. Alaska has voluntarily suspended enforcement of the statute pending the resolution of its constitutionality.

The district court granted plaintiffs' motion for summary judgment, holding that the statute violated both the commerce and the privileges and immunities clauses. On appeal, defendants raise five issues. They argue that the district court erred: (1) in denying defendants' motion to dismiss for improper venue; (2) in denying defendants' motion to transfer the suit to the District of Alaska; (3) in permitting plaintiffs to amend their complaint to add the individual defendants; (4) in declining to abstain; and (5) in finding the statute unconstitutional. Because we vacate the summary judgment on the first of these grounds, we do not address the other issues.

## DISCUSSION

The venue statute applicable in this case provides that:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

28 U.S.C. § 1391(b). The magistrate found that the claim in this case arose in the Western District of Washington under either a "substantial contacts" standard, *see Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078 (9th Cir. 1976), or a more lenient standard applicable to cases involving challenges to statutes. The magistrate did not reach plaintiffs' argument that the defendants "reside" in Washington. The district court adopted the magistrate's findings and denied defendants' motion to dismiss.

■ The place where "the claim arose" for purposes of venue is governed by federal law. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183 n. 15, 99 S.Ct. 2710, 2716 n. 15, 61 L.Ed.2d 464 (1979); *Sutain v. Shapiro & Lieberman*, 678 F.2d 115, 117 (9th Cir. 1982).

In *Leroy*, a would-be tender offeror with headquarters in Texas sued, in the district court in Texas, Idaho state officials responsible for enforcing the Idaho Corporate Takeover Act, alleging that the Act was unconstitutional. The Supreme Court acknowledged that, under the broadest plausible reading of section 1391(b), a claim may arise in two or more districts only in the unusual case in which the districts may, with approximately equal plausibility in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but not of the plaintiff), be called the locus of the claim. In such a case, the plaintiff may select the forum from among those districts. The Court held, however, that *Leroy* was not the unusual case and that the claim in that case arose in Idaho, not Texas.

First, the Court noted that all of the defendants' acts were, and their enforcement of the statute would be, in Idaho. For that reason, most of the relevant evidence and witnesses, besides employees of the plaintiff and securities experts, were in Idaho. Second, in deciding the constitutionality of an Idaho statute, federal judges in Idaho are better qualified to construe the statute and to assess the character of Idaho's enforcement than judges elsewhere. The Court rejected the argument that venue lay in Texas because that was where the tender offeror suffered harm, noting those contacts with Texas fell "far short" of the contacts with Idaho and that such reasoning would subject the Idaho officials to suit in many different districts. 443 U.S. at 186, 99 S.Ct. at 2718.

■ The analysis in *Leroy* indicates that venue in this case lies only in Alaska. First, because the enactment of the "Change Port" statute was, and any enforcement will be, in Alaska, most of the evidence and witnesses are there. Second, it would be preferable for a federal judge in Alaska to decide these claims rather than for one in Washington to do so. Although the statute in this case does not seem on its face susceptible of narrowing interpretations, we cannot say that the Alaska courts, or a district judge in Alaska, could not read the statute narrowly so as to save it from possible constitutional infirmity. Thus, even though Alaska appears to have been able to defend the statute's constitutionali-

ty in Seattle, the State of Washington cannot be called the locus of these claims as plausibly as Alaska.[2]

Since *Leroy*, several courts have held, in cases involving challenges to the constitutionality or application of state statutes, that venue was proper where the effects of the statutes were felt as well as where they were enacted and administered. *See Florida Nursing Home Ass'n v. Page*, 616 F.2d 1355 (5th Cir.), *cert. denied*, 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980), *reversed on other grounds sub nom. Florida Department of Health and Rehabilitation Services v. Florida Nursing Home Ass'n*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); *Sanchez v. Pingree*, 494 F.Supp. 68 (S.D.Fla. 1980); *Cheeseman v. Carey*, 485 F.Supp. 203 (S.D.N.Y.), *remanded with instructions to dismiss on other grounds*, 623 F.2d 1387 (2d Cir. 1980); *Glendale Federal Savings and Loan Ass'n v. Fox*, 481 F.Supp. 616 (C.D. Cal.1979); *see also Sheffield v. State of Texas*, 411 F.Supp. 709 (N.D.Tex.1976). Each of these cases, however, involved districts in only one state. Thus, the concern in *Leroy* that federal judges in a state are better suited to rule on that state's statutes than are judges elsewhere was inapplicable. Moreover, some of the cases failed to discuss *Leroy*. *See Florida Nursing Home*, 616 F.2d at 1360–61; *Glendale Federal Savings and Loan*, 481 F.Supp. at 623–24. To the extent that these cases are inconsistent with *Leroy*, we decline to follow them.

This court has stated that a claim arises "in any district in which a substantial part of the act, events, or omissions occurred that gave rise to the claim for relief." *Sutain*, at 117 (quoting *Commercial Lighting Products*, 537 F.2d at 1080). This "substantial contacts" test suggests that a claim

may sometimes arise in more than one district. *Leroy* did not indicate what constitutes the unusual case in which a claim may do so. *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, § 3806 at 7 (1981 Supp.); *Pfeiffer v. International Academy of Biomagnetic Medicine*, 521 F.Supp. 1331, 1343 (W.D.Mo. 1981); *Cheeseman*, 485 F.Supp. at 212–13. Thus, it is unclear what effect *Leroy* had on the "substantial contacts" test. However, we need not decide that question in this case. We merely hold that, under the analysis of *Leroy*, venue in this case, involving a constitutional challenge to an Alaska statute, lies only in Alaska.

Because the district court erred in concluding that this case arose in Washington, the judgment is vacated and the action remanded with instructions to transfer the action to the District of Alaska.[3]

---

**2.** We note that the Supreme Court's concern that state officials not face suits in many different districts does not seem applicable in this case. The only non-Alaskan plaintiffs here appear to be Washington residents. However, the inapplicability of that factor does not make venue proper in Washington. The other factors discussed in the text still make Alaska a more plausible locus of these claims.

**3.** A case in which venue is improper may be transferred, rather than dismissed, if transfer is

"in the interest of justice." 28 U.S.C. § 1406(a). Although this court can transfer a case itself, *see Dr. John T. MacDonald Foundation, Inc. v. Califano*, 571 F.2d 328 (5th Cir.) (en banc), *cert. denied*, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978), in this case we merely remand with instructions to transfer. We conclude that transfer is warranted to expedite the consideration in the District of Alaska of the constitutional challenges to Alaska's statute.