Jess A. RODRIGUEZ, Plaintiff,

v.

Robert B. REICH, Secretary of the United States Department of Labor, Defendant.

Civ. No. 94–20517 SW.

United States District Court, N.D. California.

Nov. 10, 1994.

---

Anthony T. Karachale, Horan, Lloyd, Karachale, Dyer, Horan & Schwartz, Monterey, CA, for plaintiff.

William F. Murphy, Asst. U.S. Atty., U.S. Attys. Office, San Jose, CA, Susan M. Green, U.S. Dept. of Labor, Office of Solicitor Plan Benefits Sec. Div., Washington, DC, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

SPENCER WILLIAMS, District Judge.

Plaintiff brought this action alleging that Defendant, the Secretary of the Department of Labor ("the Secretary"), exceeded his statutory authority when he assessed a civil penalty of $32,999.80 against Plaintiff pursuant to § 502(a)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1). Defendant now moves to transfer venue to the United States District Court for the District of Columbia. For the reasons expressed below, the Court DENIES Defendant's motion.

## BACKGROUND

Until 1991, Plaintiff served as the co-trustee of two employee pension benefit plans ("the Plans") administered by California Housing Securities, Inc. and its subsidiary, Saratoga Savings & Loan Association. The principal office of the Plans was in San Jose, California.

On May 1, 1991, the Secretary filed an action against Plaintiff in the United States District Court for the Northern District of California alleging violations of ERISA. *Martin v. California Housing Sec. Inc.*, No. C–90–20384. The gravamen of the complaint involved Plaintiff's alleged mishandling of some of the Plans' real estate investment assets.

The parties resolved the *Martin* case by entering into a consent decree on January 23, 1993. Plaintiff's role as trustee was terminated, and an independent fiduciary was appointed to wind up the affairs of the Plans. The Plans were subsequently terminated and replaced by successor plans. Then, in November 1993, the Secretary assessed a civil penalty against Plaintiff in the amount of $32,999.80 pursuant to § 502(a)(1) of ERISA.

Plaintiff filed the current action on August 12, 1994 to challenge the Secretary's imposition of the penalty against him as being in excess of the Secretary's statutory authority. Defendant answered, and now moves to transfer venue to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).

## LEGAL STANDARD

When venue is improper in a particular district, the district court must either dismiss the action or, in the interests of justice, transfer the action to a judicial district where venue is proper. 28 U.S.C. § 1406(a); *See District No. 1, Pacific Coast District v. Alaska*, 682 F.2d 797, 799 (9th Cir.1982). In contrast to discretionary transfers under 28 U.S.C. § 1404(a), the Court

cannot consider factors of convenience or hardship when determining whether to transfer for improper venue under § 1406(a).

## DISCUSSION

The issue here is solely one of statutory construction. In addressing Defendant's motion, the Court must determine the proper venue for actions by fiduciaries against the Secretary for acts or omissions under ERISA with respect to a now defunct retirement plan. To do so, the Court must first decide which provision of ERISA Congress intended to govern venue in this type of action. Thereafter, the Court can interpret the applicable statutory section's venue requirements.

### I. § 502(k) of ERISA Governs Venue in this Action

■ Plaintiff and Defendant claim that different subsections of ERISA determine the appropriate venue in this action. Defendant argues that § 502(k) of ERISA controls: "Suits to review a final order of the Secretary of Labor ... may be brought in the district court of the United States for the district where the plan has its principal office, or in the United States District Court for the District of Columbia." 29 U.S.C. § 1132(k). Plaintiff contends that the more liberal venue provisions of § 502(e) apply: "an action under this subsection ... may be brought in the district court where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

After examining the applicable statutory language and case law, the Court agrees with Defendant that § 502(k) is the applicable statutory provision. First of all, from the ERISA statute's language and structure, the Court finds that Congress specifically tailored § 502(k) to apply to the case at hand. Although both § 502(e) and § 502(k) fall under the same general heading of "Civil Enforcement", § 502(e) is titled simply "Jurisdiction" while 502(k) is titled "Jurisdiction of actions against the Secretary of Labor". In addition, whereas the text of § 502(e) is vague as to what type of actions it covers, Congress explicitly defined the scope of § 502(k) to include actions "to review a final order of the Secretary, to restrain the Secretary from taking any action contrary to the provisions of this chapter ..." Because

Plaintiff here seeks to review a final order of the Secretary, § 502(k) would seem to be the appropriate venue provision.

Second, the case law also supports Defendant's interpretation of the statute. Plaintiff cites no authority, nor is the Court aware of any, for the proposition that a suit to challenge a final order of the Secretary of Labor is entitled to consideration under the liberal venue provisions of § 502(e). Plaintiff's reliance on *Go–Video, inc. v. Akai Electric Company, Ltd,* 885 F.2d 1406, 1409 (9th Cir.1989), is misplaced. The court in *Go–Video* merely reiterated the general rule that, in the absence of evidence of Congressional intent to the contrary, special venue provisions are read to supplement, not preempt, general venue provisions. *Id.* However, *Go–Video* was a Clayton Act case, and did not even mention, let alone interpret the venue provisions in ERISA.

The Eleventh Circuit, which has specifically addressed the venue requirements of ERISA, takes a view contrary to Plaintiff's. *Gulf Life Ins. Co. v. Arnold,* 809 F.2d 1520, 1522 (11th Cir.1987). In denying a fiduciary's attempt to make use of § 502(e), the Eleventh Circuit stated: "ERISA's liberal venue provision, section [502(e)], was enacted to benefit plan participants/beneficiaries." *Id.* The court in *Gulf Life* reasoned that a fiduciary's action for a declaratory judgment concerning its liability to a fund participant could not be brought under § 502(e), because such a suit was unnecessary to further ERISA's overriding purpose of ensuring that benefit plan participants can obtain the money to which they are entitled. *Id.* at 1523. Rather, the court stated that the fiduciary's action was self-serving and "defensive in nature" because the fiduciary "simply wishes to avoid making payment that [the fund participant] claims is due." *Id.* at 1523–24.

In a similar fashion, Plaintiff here wishes to challenge the Secretary's imposition of a penalty upon him for alleged violations of his duty as a fiduciary. Such an action is defensive in nature in that Plaintiff merely seeks to avoid liability. Plaintiff is not the type of litigant that Congress sought to protect when it enacted the liberal venue provisions of 502(e). Rather, Plaintiff is seeking review of

a final penalty order by the Secretary, as specifically provided in § 502(k).

In sum, the Court finds § 502(k) to be the governing venue provision.

## II. *Venue Under § 502(k) is Proper in the Northern District of California*

Having established that § 502(k) applies here, the Court must next examine whether venue in the Northern District of California is proper under that provision. Defendant asserts that, since the Plans for which Plaintiff served as fiduciary have been terminated and therefore no longer have any principal offices, venue is only proper in the District of Columbia. For this argument, Defendant relies primarily on the present tense of the word "has" in § 502(k).

In response, Plaintiff points out that Congress used the present tense throughout the ERISA statute. Plaintiff claims that the inconvenience and hardship of requiring all suits of this kind to be brought in Washington, D.C. would conflict with Congress' intent in drafting ERISA, which was to "remove jurisdictional and procedural obstacles" to enforcement of the statute. Plaintiff further notes that the successor plans to the Plans administered by Plaintiff are currently located within the jurisdiction of the Northern District of California. Neither party provides any case authority directly on point.

Although, at first glance, the literal language and tense of the statute supports Defendant's position, the Court holds that venue is proper in the Northern District of California for the following reasons. First of all, the Court finds Defendant's argument regarding the significance of the present tense of the word "has" in § 502(k) to be unpersuasive. § 502(k) states that venue is proper either in the District of Columbia or the district where the retirement plan in question "has" its principal office. Defendant contrasts this language with the wording of § 502(e), which uses the past tense in stating venue is proper where a breach of ERISA "took" place. Defendant contends that if Congress was able to distinguish between tenses in one section of ERISA, it could do so, if desired, in others. Therefore, in Defendant's view, unless a retirement plan is currently in existence, any suit under ERISA to challenge a final decision of the Secretary with regard to that plan must take place in the District of Columbia.

However, Defendant's argument fails to address the fact that, syntactically, Congress had to use the past tense in stating that venue is proper where a breach "took" place. After all, the constitutional doctrine of ripeness bars suits based on future hypothetical breaches. To say that venue is proper where a breach "takes" place simply does not make sense.

Second, the Court fails to discern any logic in Congress' supposed differentiation between a suit brought by a fiduciary on an existing retirement plan, and a suit brought by a former fiduciary on a plan which has been recently terminated. In both situations, the location of relevant witnesses, accessibility of data, and other factors would be the same. Moreover, if the Court were to accept Defendant's argument, the Secretary could always force a fiduciary challenging a final order under ERISA to bring suit in the District of Columbia, by waiting to impose a penalty on the fiduciary until after the retirement plan in question had been terminated, either through settlement (as in the case at hand) or litigation. Such an interpretation of the ERISA statute would allow the Secretary to engage in strategic manipulation of the statute, and would place undue burdens upon anyone challenging a decision of the Secretary.

Third, a final factor in favor of retaining this case within the Northern District of California is that this case is substantially related to the *Martin* case, which was filed and resolved in this district before Judge Ingram. Although the legal issues in the two cases are somewhat different, both arise out of the same alleged breach of ERISA and involve the same parties.

In sum, the Court does not find that Congress intended to distinguish between suits by fiduciaries of retirement plans currently in existence, and those brought by former fiduciaries of recently terminated retirement plans. Therefore, since the Plans at issue in this case had their principal offices in San

Jose, California prior to their termination, venue is proper in the Northern District of California. Sound principles of statutory construction, as well as common sense, support the Court's decision in this matter.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Transfer Venue is DENIED.

IT IS SO ORDERED.