**Teresa H. NORMAN, Plaintiff,**

v.

**Gary Lynn WILKS, Rachel Mason Turney, Phillip Robinson, and Philip E. Smith, Defendants.**

**No. 97–2846–CIV–I–17E.**

United States District Court,
M.D. Florida,
Tampa Division.

July 2, 1998.

Michael K. Bassham, Office of the Attorney General, State of Tennessee, General Civil Division, Nashville, TN, for the State of Tennessee, Intervenor.

Rochelle Zukor Catz, Rochelle Z. Catz, P.A., Ft. Myers, FL, James T. Sanderson, James T. Sanderson, P.A., Bolivar, TN, John E. Herbison, John E. Herbison, P.A., Nashville, TN, for Plaintiff.

Robert Hunt Schwartz, Gunther & Whitaker, P.A., Ft. Lauderdale, FL, for Gary Lynn Wilks and Rachel Mason Turney.

Terry Alan Smiljanich, James, Hoyer, Newcomer, Forizs & Smiljanich, P.A., Tampa, FL, Winston S. Evans, Evans, Jones & Reynolds, P.A., Nashville, TN, for Phillip Robinson.

---

Charles B. Lembcke, Datz, Jacobson, Lembcke & Wright, P.A., Jacksonville, FL, Hal D. Hardin, Hal D. Hardin Law Offices, Nashville, TN, for Philip E. Smith.

### ORDER GRANTING MOTION TO TRANSFER

KOVACHEVICH, District Judge.

**THIS CAUSE** is before the Court on Defendants' Philip E. Smith, Gary Lynn Wilks and Rachel Mason Turney's Motion to Dismiss the Plaintiff Teresa H. Norman's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3) and (6) (Docket Nos. 16 & 24); Defendant Phillip Robinson's Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(2), (3) and (6), or in the alternative to transfer the case to the Middle District of Tennessee (Docket No. 28); and Intervenor, the State of Tennessee's Motion to Dismiss the matter pursuant to Federal Rule of Civil Procedure 12(b), or in the alternative, transferring the case to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. § 1404(a). (Docket No. 42). This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00).

### FACTS

Plaintiff in this case, Teresa H. Norman (hereinafter Plaintiff), is the natural mother of the minor child Bobbie Lynn Wilks. Plaintiff filed a complaint seeking damages pursuant to 42 U.S.C. § 1983 for violation of due process, as well as a determination that Rule 65.07 of the Tennessee Rules of Civil Procedure is "facially unconstitutional." (Docket No. 1).

In the complaint Plaintiff alleges that her ex-husband, Gary Lynn Wilks (hereinafter Mr. Wilks), Rachel Mason Turney (hereinafter Ms. Turney), Phillip Robinson (hereinafter Mr. Robinson) and Philip E. Smith (hereinafter Mr. Smith), entered into a "conspiracy" which "under color of Tennessee law deprived the Plaintiff of the care and custody of her minor child without due process of law." Mr. Robinson and Mr. Smith, represented Mr. Wilks in the underlying custody proceeding in Tennessee between Plaintiff and Mr. Wilks.

In November 1993, Mr. Wilks again retained Mr. Robinson and Mr. Smith to represent him in a petition to change custody of the minor child, filed in the Probate Court of Davidson County. Following the filing of the Petition and Order, the Clerk's office forwarded the materials to the Honorable James R. Everett, Jr., Judge of the Probate Court for Davidson County, Tennessee for review and decision. The Probate Court for Davidson County, Tennessee awarded permanent custody of the child to Mr. Wilks.

The Plaintiff, Ms. Norman, then filed suit in the United States District Court, Middle District of Florida claiming that the actions of the Defendants violated her due process rights pursuant to an unconstitutional State statute. In her complaint Plaintiff seeks money damages for a "due process conspiracy" to deprive Plaintiff of the custody of her child pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint also seeks a determination that Rule 65.07 of the Tennessee Rules of Civil Procedure is facially unconstitutional. (Docket No. 1).

The Defendants, Mr. Smith, Mr. Wilks and Ms. Turney filed a motion to dismiss alleging that the action was time barred, lacked jurisdiction, was brought in an improper venue, and that the complaint failed to state a cause of action upon which relief could be granted. (Docket No. 16 & 24). Defendant, Mr. Robinson, also filed a motion to dismiss the complaint, without prejudice, and in the alternative a transfer of the case to the Middle District of Tennessee. (Docket No. 28). The State of Tennessee, through the Attorney General, filed a notice of intervention in the proceeding for the purpose of defending the constitutionality of Rule 65.07 of the Tennessee Rules of Civil Procedure. (Docket No. 39). The State of Tennessee then moved for an order dismissing the case, or in the alternative, transferring it to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a). (Docket No. 42).

## DISCUSSION

Defendants, Mr. Smith, Mr. Wilks, Ms. Turney, Mr. Robinson, and the State of Tennessee, as intervenor, request that this Court dismiss this case. Among some of the reasons that the Defendants raise for dismissal of this case is that this action is time barred, lacks jurisdiction, it was brought in an improper venue, and the complaint fails to state a cause of action upon which relief could be granted. (Docket Nos. 16, 2 4, 28 and 42).

Specifically, Defendants, Mr. Smith, Mr. Wilks, Ms. Turney and the State of Tennessee allege that although the complaint has been filed in Florida, the action arose in Tennessee and all the actions of the Defendants about which the Plaintiff complains of, took place in Tennessee. (Docket Nos. 17, 25, 29 & 43). The Defendants argue that the relevant statute of limitations in Tennessee for civil rights actions is one (1) year, and because this action was filed on December 1, 1997, three (3)years since the last act alleged in the complaint, the statute of limitations acts to bar the Plaintiff's complaint. (Docket Nos. 17, 25, 29, & 43).

Defendants, Mr. Smith, Mr. Wilks, Ms. Turney and Mr. Robinson also claim that this case should be dismissed because this Court does not have personal jurisdiction over the Defendants. (Docket Nos. 17, 25 & 29). Defendants argue that for a federal district court in Florida to have jurisdiction over the Defendants, the Plaintiff must show that the Florida long-arm statute, Fla. Stat. Ann. § 48.193, provides a basis for personal jurisdiction. (Docket Nos. 17, 25 & 29). Defendant, Mr. Smith, specifically alleges that in the complaint, all of the Defendants are described as being residents and citizens of Tennessee, that the Plaintiff has not alleged any facts showing that any of the Defendants operated a business venture in Florida, owned an office or agency in Florida, committed a tort within Florida, owned property within Florida, engaged in solicitation or service activities within Florida, produced materials for consumption in Florida, breached a contract in Florida, nor are there minimal contacts by the Defendants with the State of Florida. (Docket No. 17).

The Defendants, Mr. Smith, Mr. Wilks, Ms. Turney and Mr. Robinson, further allege that venue is improper in this Court. (Docket Nos. 17, 24 & 29). Defendants' position is that none of the three basis for venue contained in § 1391(b) are met in this case: none of the Defendants reside in Florida, no part of the events giving rise to the claim took place in Florida, and no Defendant may be found in Florida. (Docket Nos. 17, 24 & 29).

The Intervenor, the State of Tennessee, also challenges the proper venue for this suit. (Docket No. 42). The State of Tennessee argues to this Court that the proper venue for the challenge of a Tennessee rule of civil procedure is found in Tennessee. (Docket No. 42).

Additionally, Defendants, Mr. Smith, Mr. Wilks, Ms. Turney and Mr. Robinson allege that the Plaintiff's civil rights claim rests on the bare assertion that the defendant attorneys were acting under color of state law through their participation in joint activity with the State court judge pursuant to an unconstitutional State statute, whereby the Plaintiff was deprived of liberty without due process of law, and that the Defendants "unlawfully combined and conspired with the judge of the Probate Court to unconstitutionally deprive the Plaintiff of liberty without due process of law." (Docket Nos. 17 & 25). The Defendants' position is that the Plaintiff's complaint provides no facts to support the allegation that the Defendants were acting under color of state law, as that phrase is used in § 1983. Rather, the Defendants' claim that the Defendants merely utilized the procedures provided by the Tennessee Rules of Procedure. (Docket Nos. 17, 24 & 29).

This Court notes that the Defendants, Mr. Robinson and the State of Tennessee, as intervenor, move this court for a dismissal, or in the alternative, to transfer this case to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a). (Docket No. 42). The State of Tennessee's position is that federal judges sitting in Tennessee are better qualified to construe Tennessee law, than are judges sitting elsewhere. (Docket No. 43). Both, Mr. Robinson and the State of Tennessee, allege

that in this case the Plaintiff has elected to sue in a forum which has little, if any, connection to the facts of the December 1, 1993, Order in the Tennessee custody dispute. (Docket Nos. 29 & 42). Moreover, Mr. Robinson and the State of Tennessee allege that, since all acts complained of in the Complaint took place in Tennessee, all of the parties (excluding the Plaintiff) and material witnesses in this case are found in Tennessee, along with the relevant documents, the trial of this case in the Middle District of Tennessee will be "easy, expeditious and inexpensive." (Docket Nos. 29 & 42).

Plaintiff's complaint asserts jurisdiction on several statutory grounds: 28 U.S.C. § 1331 (federal question), § 1332 (diversity), and § 1343(a)(3) (civil rights). The Plaintiff in this case urges that the motions to dismiss are without merit and for this reason should be denied. (Docket No. 37). In response to the Defendants' assertion that the action is time-barred, Plaintiff alleges that federal courts entertaining claims brought under 42 U.S.C. § 1983 should borrow the state statute of limitations for personal injury actions. (Docket No. 37). Because the instant suit was filed within four (4) years of the issuance of the restraining order which resulted in the deprivation of the Plaintiff's right to care, custody and control of her daughter, the action is timely according to Florida's four (4) year statute of limitations. (Docket No. 37).

The Plaintiff further responds that this Court has personal jurisdiction over the Defendants for their having caused a foreseeable injury occurring in the State of Florida, as a direct result of the Defendants' conduct. (Docket No. 37) Moreover, Plaintiff argues that venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district, in that the injury to the Plaintiff (her being deprived of her child without due process) occurred in this district. (Docket No. 37).

Additionally, Plaintiff does not oppose the Attorney General's request for transfer of this case to the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a), although the Plaintiff submits that a federal district court sitting in Tennessee is not better able than this Court or any other federal district court to consider whether the challenged rule comports with federal constitutional due process guaranties. (Docket No. 46).

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). Section 1404(a) is the statutory codification of the common law doctrine of forum non conveniens. The section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

■ The standard for transfer under § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is justified for the convenience of parties and witnesses and in the interest of justice, the ruling can be overturned only for clear abuse of discretion, and presumption in favor of district court judge is heavy. *See Howell v. Tanner*, 650 F.2d 610 (5th Cir.1981).

■ In addressing the issue as to whether this case should be transferred to the Middle District of Tennessee, this Court takes several things into consideration. This Court takes note of the fact that each of the four Defendants is a resident and citizen of the Middle District of Tennessee, and the parties to the action, including the Attorney General of the State of Tennessee and the Fourth Circuit Court Judge are located in Tennessee. (Docket No. 29). Potential witnesses and relevant court files and documents concerning the underlying dispute are located in Nashville, Tennessee. (Docket No. 29). Additionally, any inconvenience to the Plaintiff in traveling to Tennessee is minimized by the fact that her attorney practices in Tennessee, and the Plaintiff will not be required to incur the expense of local counsel in Florida if this case is transferred to Tennessee. (Docket No. 1).

This Court is also persuaded by the decisions in *Dist. No. 1, Pac. Coast Dist. v. State of Alaska*, 682 F.2d 797 (9th Cir.1982), and *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). In *Dist. No. 1, Pac. Coast Dist. v.*

*State of Alaska,* 682 F.2d 797 (9th Cir.1982), the court addressed the issue of the proper venue when a constitutional challenge to a statute was involved. In that case the Plaintiffs sued the state of Alaska in the Western District of Washington, contending that the statute was unconstitutional, and Plaintiffs sought a permanent injunction against the statute's enforcement. The United States Court of Appeals for the Ninth Circuit held that venue involving a constitutional challenge to an Alaska statute, lay only in Alaska. See *Dist. No. 1, Pac. Coast Dist. v. State of Alaska,* 682 F.2d 797 (9th Cir.1982). The court remanded the case with instructions to transfer the action to the District of Alaska. See *Id.*

Another case dealing with the transfer of a case to the proper venue was *Leroy v. Great Western United Corp.,* 443 U.S. 173 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). In that case *Great Western* had challenged, in the United States District Court for the Northern District of Texas, the constitutionality of Idaho's takeover statute. The Supreme Court stated:

> [The nature of this action challenging the constitutionality of a state statute makes venue in the District of Idaho appropriate. The merits of Great Western's claims may well depend on a proper interpretation of the State's statute, and federal judges sitting in Idaho are better qualified to construe Idaho law, and to assess the character of Idaho's probable enforcement of that law, than are judges sitting elsewhere].

See *Id.,* 443 U.S. at 186.

Applying the decisions in the *Dist. No. 1* case and the *Great Western* case, this Court is persuaded that the case should be transferred. This case involves a challenge to the constitutionality of Rule 65.07 of the Tennessee Rule of Civil Procedure, and the proper venue for the challenge of a Tennessee rule of civil procedure is found in Tennessee. Furthermore, for the convenience of the parties and witnesses, and in the interest of justice, this case should be transferred accordingly. This Court chooses not to address the issues concerning the dismissal of the case pursuant to the Federal Rules of Civil Procedure, but instead, transfers the case to the Middle District of Tennessee for ruling on those issues. Accordingly, it is

**ORDERED** that Defendant, Phillip Robinson's, alternative Motion to Transfer the case to the Middle District of Tennessee (Docket No. 28); and Intervenor, the State of Tennessee's, alternative Motion Transferring the case to the United States District Court for the Middle District of Tennessee (Docket No. 42), pursuant to 28 U.S.C. § 1404(a) be hereby **GRANTED.** This Court does not address Defendant, Philip E. Smith's, Motion to Dismiss (Docket No. 16), Defendants, Gary Lynn Wilks and Rachel Mason Turney's, Motion to Dismiss (Docket No. 24), Defendant, Phillip Robinson's, Motion to Dismiss (Docket No. 28), and Intervenor, the State of Tennessee's, Motion to Dismiss Constitutional Challenge (Docket No. 42). The Clerk of the Court is **directed** to transfer this case to the United States District Court for the Middle District of Tennessee.